**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

GETZELL JOHNSON MURRELL,　§
(TDCJ-CID #1954144)　　　　　§
　　　　　　Plaintiff,　　　　　§
　　　　　　　　　　　　　　　§
vs.　　　　　　　　　　　　　　§　　CIVIL ACTION H-18-2626
　　　　　　　　　　　　　　　§
DR. ZANE YOUNG ZEON, ET AL.,　§
　　　　　　　　　　　　　　　§
　　　　　　Defendants.　　　　§

**MEMORANDUM ON DISMISSAL**

Getzell Johnson Murrell, an inmate of the Texas Department of Criminal Justice - Correctional Institutions Division, sued in July 2018, alleging civil rights violations resulting from a denial of adequate medical care. Murrell, proceeding pro se, sues Zane Young Zeon, physician; Stephanie M. Oliver, physician's assistant; Jacklyn Fisher, registered nurse; Lin Neal, registered nurse; Jasmine Fisher, licensed vocational nurse; and Jamie Williams, Senior Healthcare Practice Manager.

The threshold issue is whether Murrell's claims should be dismissed as frivolous. The Court concludes that Murrell's claims lack merit and should be dismissed for the reasons stated below.

**I.　Murrell's Allegations**

In his original complaint, Murrell sued twenty-seven prison officials. Murrell presented various claims relating to the conditions of his confinement at the Wynne Unit. He complained of the denial of adequate medical care, the denial of adequate dental care, and the exposure to unsanitary living conditions. The original complaint filed by Murrell made allegations against

numerous defendants and involved more than one transaction. By naming multiple defendants and including numerous transactions, Murrell's complaint did not comport with Rule 18 and Rule 20 of the Federal Rules of Civil Procedure. *See* 6A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1583 (2d ed. 1990) (noting that, under Rules 18(a) and 20, if the claims arise out of different transactions and do not involve all defendants, joinder should not be allowed).

In an order entered on November 8, 2018, this Court ordered that Murrell's original complaint, (Docket Entry No. 1), be stricken from the record. (Docket Entry No. 3). This Court ordered Murrell to file an amended complaint in this case by December 19, 2018, using the attached forms. Murrell filed his amended complaint on December 18, 2018. (Docket Entry No. 8).

Murrell states that he had previously been diagnosed with "Pernicious anemia (a vitamin B12 deficiency)" and prescribed the medicine Cyanocobalamin. Murrell states that Dr. Zeon is the chief medical officer at the Wynne Unit infirmary. Dr. Zeon reviewed Murrell's Federal Bureau of Prison (FBOP) medical records and his medical records from St. Anthony's Hospital in Oklahoma City, Oklahoma. Murrell asserts that Dr. Zeon ordered that Murrell's "Pernicious anemia" should be treated with Cyanocobalamin injections every twenty-eight days. Murrell complains that Dr. Zeon delegated his authority to Stephanie Oliver, Jacklyn Fisher, Lin Neal and Jasmine Fisher to treat Murrell's medical condition. Murrell asserts that Physician's Assistant Oliver is first in command at the Wynne Unit infirmary, and Nurse Jacklyn Fisher is second in command. Murrell complains that Stephanie Oliver, Jacklyn Fisher, Lin Neal and Jasmine Fisher ignored the medical instructions of Dr. Zeon and did not provide Murrell the necessary Cyanocobalamin injections as prescribed. Murrell claims that they knew that Dr. Zeon had not cancelled the prescribed Cyanocobalamin

injections.

Murrell alleges that Jamie Williams is employed by the University of Texas Medical Branch as the senior practice nurse, and UTMB delegated its authority to her to respond to medical grievances and provide a remedy if necessary. Murrell advised Jamie Williams that he was being deprived of Cyanocobalamin by Oliver, Jacklyn Fisher, Lin Neal, and Jasmine Fisher for non-medical reasons. Murrell asserts that Williams made misrepresentations such as:

(1)     "You did not have a current order for B12 injection," even though the prescribing doctor had never entered a cancellation order;

(2)     "[Y]ou missed April injection," even though Murrell was never scheduled or provided a lay-in;

(3)     "Treatment was delayed in the month of October due to power outage," even though he was never provided the medical injection; and

(4)     "[W]hile [you] have a right to treatment [you] do not have a right to when medication is scheduled."

(Docket Entry No. 8, p. 11).

Murrell states that he has been examined on several occasions, and he was prescribed: medical footwear; wrist supports; compression stockings; a four-hour work restriction; a no-bending-below-the-waist restriction; a bottom-bunk pass; and a bottom-floor restriction. He was also prescribed the following medications: the Cyanocobalamin; Naproxen; Meclizine; Nortriptyline; Meloxicam; and Acetaminophen. Murrell states that he received Cyanocobalamin injections on the following dates:

(1)     March 7, 2016;

(2)     May 8, 2016;

(3)     September 26, 2016;

(4)     December 22, 2016;

(5)     April 5, 2017;

(6)     May 21, 2017;

(7)     December 6, 2017;

(8)     February 1, 2018;

(9)     March 7, 2018; and

(10)    April 25, 2018.

(Docket Entry No. 13, pp. 1-3).

Murrell states that his medical condition has worsened to include the permanent spread of nerve damage and pain, mobility problems when standing or walking, burning, tingling and pain in limbs, shortness of breath, weakness, reduction in the number of red blood cells, tissue damage, as well as mental and emotional anguish due to lack of prescribed medications.

Murrell submitted copies of the following relevant grievances:

(1)     Grievance 2016139850:

Murrell filed his Step 1 Grievance on May 10, 2016.  He complained of the denial of Cyanocobalamin injections from March 3, to May 7, 2016.  On June 29, 2016, Jamie Williams, Senior Practice Manager, responded as follows:

> Grievance Response: Chart review indicates you receive B-12 injections once every 4 weeks (28 days). Per chart review you missed the April 2016 injection which was corrected by nursing to ensure you receive lay ins for the monthly injections. You do not have a diagnosis of carpel tunnel syndrome in the EMR. Submit a request to

be evaluated for potential treatment if exam reveals there is a need.

(Docket Entry No. 1-2, p. 24).

Murrell filed a Step 2 Grievance on July 25, 2016. On August 25, 2016, the Step II Medical

Grievance Program Office of Professional Standards responded:

> Grievance Response:
> A review of the Step 1 medical grievance was completed regarding your complaint you have been denied appropriate medical care. You stated you have an established B12 deficiency and Carpal Tunnel Syndrome (CTS). You stated you have not received treatment for these conditions.
>
> Review of the health record indicated you have a standing order for B12 injections every four weeks and have been receiving these injections as ordered. There is no documentation to suggest you have a current diagnosis of CTS. There is no documentation that you discussed your hand pain with the provider during your most recent three clinical visits.
>
> If you feel your condition has changed, or warrants further evaluation, you may wish to submit a Sick Call Request (SCR) to discuss your concerns with a licensed medical provider. Appellate review supports the response offered at Step 1. No further investigation is warranted through the grievance process for this issue. 2.01

(Docket Entry No. 1-2, p. 26).

(2)    Grievance 2017059195:

Murrell filed his Step 1 Grievance on December 20, 2016. He complained that he was denied

his monthly Cyanocobalamin injection. On February 14, 2017, Jamie Williams, Senior Practice

Manger, responded as follows:

> Your prescription for B-12 shots expired in November 2016. A new RX was ordered starting 12/10/6 through November 2017. Your medical record has been updated with reminders to ensure you are laid in to receive the injections as ordered. Staff will continue to monitor the reminders for completion and scheduling.

(Docket Entry No. 1-3, p. 4).

Murrell filed a Step 2 Grievance on March 1, 2017. On March 10, 2017, the Step II Medical

Grievance Program Office of Professional Standards responded:

> Grievance Response:
> A review of the Step 1 medical grievance was completed regarding
> your complaint you have been denied B-12 injections. You asked to
> have the injections restarted without delay.
>
> Review of the health record indicated you have a current prescription
> for B-12 injections. As noted in the response offered at Step 1,
> reminders have been created to ensure you get the injections as
> prescribed. Prescriptions are valid for twelve months maximum and
> must be renewed annually. This is a Federal mandate to ensure all
> patients are monitored by a licensed medical provider. Please make
> every effort to attend all medical appointments.
>
> Appellate review supports the response offered at Step 1. No further
> investigation is warranted through the grievance process for this
> issue.

(Docket Entry No. 1-3, p. 6).

Murrell seeks unspecified declaratory and injunctive relief.

## II.    Standard of Review

Under 28 U.S.C. § 1915A, federal courts are authorized to review, before docketing, if

feasible, or in any event as soon as practicable after docketing, a complaint in a civil action in which

a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

The Court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint,

if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted,

or seeks monetary relief from a defendant who is immune from such relief. As a suit by a prisoner

against a prison official, Murrell's complaint is clearly within the ambit of § 1915A. In *Martin v.*

*Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998), the Fifth Circuit held that Section 1915A applies even when a prisoner has paid the required filing fee.[1]

A complaint is frivolous if it lacks an arguable basis in law or fact. *See Denton v. Hernandez,* 504 U.S. 25, 31 (1992); *Richardson v. Spurlock,* 260 F.3d 495, 498 (5th Cir. 2001)(citing *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998)(quoting *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997)).

Murrell proceeds pro se in this case. Courts construe pleadings filed by pro se litigants under a less stringent standard of review. *Haines v. Kerner,* 404 U.S. 519 (1972) (per curiam). Under this standard, "[a] document filed pro se is 'to be liberally construed,' Estelle [*v. Gamble,* 429 U.S. 97, 106 (1976) ], and 'a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus,* 551 U.S. 89, 94 (2007).

## III.    The Medical Care Claim

"[I]nadequate medical care by a prison doctor can result in a constitutional violation for purposes of a § 1983 claim when that conduct amounts to deliberate indifference to [the prisoner's] serious medical needs, constitut[ing] the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." *Stewart v. Murphy,* 174 F.3d 530, 533 (5th Cir. 1999)(quoting *Estelle v. Gamble,* 429 U.S. 97 (1976)). Under the "deliberate indifference" standard, a prison official is not liable for the denial of medical treatment "unless the official knows of and disregards an excessive

---

[1]Murrell has paid the filing fee because he is barred from proceeding as a pauper by the three strikes provision of 28 U.S.C. § 1915(g).

risk to inmate health or safety". *Stewart*, 174 F.3d at 534 (citing *Estelle*, 429 U.S. at 104). While malpractice and negligent treatment do not rise to the level of a constitutional tort, *see Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993), a claim of "unnecessary and wanton infliction of pain repugnant to the conscience of mankind," can state a claim of a constitutional tort. *McCormick v. Stalder*, 105 F.3d 1059, 1061 (5th Cir. 1997) (citing *Estelle*, 429 U.S. at 105-106).

In *Estelle*, the Supreme Court concluded:

> [D]eliberate indifference to serious medical needs of prisoners constitutes the "unnecessary and wanton infliction of pain" proscribed by the Eighth Amendment. This is true whether the indifference is manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed. Regardless of how evidenced, deliberate indifference to a prisoner's serious illness or injury states a cause of action under § 1983.

*Estelle*, 429 U.S. at 104-05.

To state an Eighth Amendment claim, a plaintiff must allege a deprivation of medical care sufficiently serious to show that "the state has abdicated a constitutionally-required responsibility to attend to his medical needs," *Bienvenu v. Beauregard Parish Police Jury*, 705 F.2d 1457, 1460 (5th Cir. 1983), and that a prison official knew of and disregarded "an excessive risk to inmate health or safety." *Stewart v. Murphy*, 174 F.3d 530, 533 (5th Cir. 1999) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). "For an official to act with deliberate indifference, 'the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Smith v. Brenoettsy*, 158 F.3d 908, 912 (5th Cir. 1998)(quoting *Farmer*, 511 U.S. at 837). "Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of the substantial risk."

*Reeves v. Collins*, 27 F.3d 174, 176 (5th Cir. 1994)(citing *Farmer,* 511 U.S. at 842 & n.8).

The Fifth Circuit has defined a "serious medical need" as "one for which treatment has been recommended or for which the need is so apparent that *even a layman* would recognize that care is required." *Gobert v. Caldwell*, 463 F.3d 339, 345 n. 12 (5th Cir. 2006)(emphasis added). "Deliberate indifference is more than mere negligence or even gross negligence." *Brown v. Callahan*, 623 F.3d 249, 255 (5th Cir. 2010). Specifically, negligent medical care does not constitute a valid section 1983 claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). A plaintiff is not entitled to the "best" medical treatment available. *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978). A misdiagnosis and the resulting inadequate medical care do not violate the Constitution. *See Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (active treatment of prisoner's serious medical condition, which ultimately resulted in death, does not constitute deliberate indifference, even if treatment was negligently administered); *see also Garrett v. Univ. of Tex. Med. Branch*, 261 Fed. App'x 759, 760 (5th Cir. 2008) (finding no deliberate indifference despite alleged misdiagnosis and incorrect treatment because plaintiff failed to prove defendant *intentionally* treated him incorrectly).

Murrell has not demonstrated that the medical care provided to him posed a substantial risk to his future health. By his own admissions, Murrell was prescribed monthly Cyanocobalamin injections. As noted, Murrell states that he has been examined on several occasions, and he was prescribed: medical footwear; wrist supports; compression stockings; a four-hour work restriction; a no-bending-below-the-waist restriction; a bottom-bunk pass; and a bottom-floor restriction. He was also prescribed the following medications: Cyanocobalamin; Naproxen; Meclizine; Nortriptyline; Meloxicam; and Acetaminophen. Such evidence of examinations and treatment negate Murrell's claim of deliberate indifference. *Bass v. Sullivan*, 550 F.2d 229 (5th Cir. 1977).

Deliberate indifference is an extremely high standard to meet. It is indisputable that an incorrect diagnosis by prison medical personnel does not suffice to state a claim for deliberate indifference. *Domino v. Tex. Dep't of Criminal Justice,* 239 F.3d 752, 756 (5th Cir. 2001)(citing *Johnson v. Treen,* 759 F.2d 1236, 1238 (5th Cir. 1985)). Rather, the plaintiff must show that the officials "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs." *Johnson,* 759 F.2d at 1238. Furthermore, the decision whether to provide additional treatment "is a classic example of a matter for medical judgment." *Estelle,* 429 U.S. at 107. And the "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. *Farmer,* 511 U.S. at 838.

Murrell also complains of the delay in receiving his monthly Cyanocobalamin injections. Murrell states that between March 7, 2016 and April 25, 2018, he received ten Cyanocobalamin injections. (Docket Entry No. 13, pp. 1-3). When asked to list all of the dates he received medical treatment, Murrell stated that he did not recall the dates. (Docket Entry No. 13, pp. 11-12, 14).

To establish an Eighth Amendment claim for denial of medical care, the inmate must show deliberate indifference to "serious" medical needs, "[b]ecause society does not expect that prisoners will have unqualified access to health care." *Hudson v. McMillian,* 503 U.S. 1, 9 (1992). Constitutionally adequate care does not, however, ensure that an inmate will agree with every treatment decision. *Estelle,* 429 U.S. at 107-08.

To succeed on his claims of denial of medical care, Murrell must show (1) deliberate indifference (2) to a serious medical need. Accepting Murrell's claims as true, he had a serious medical need. The question is thus whether he has shown that the defendants were deliberately

10

indifferent to that need. He alleges that the medical personnel at the Wynne Unit were deliberately indifferent when they delayed his monthly Cyanocobalamin injections. Murrell's pleadings show that medical personnel delayed Murrell's Cyanocobalamin injections on a few occasions due to scheduling issues and the loss of power. Responses to Murrell's grievances indicate that medical personnel took steps to ensure that Murrell received his monthly Cyanocobalamin injections. At most, the delays in providing Murrell's Cyanocobalamin injections amounted to negligence. Negligent medical care does not constitute a valid section 1983 claim. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). *See also Farmer*, 511 U.S. at 835 ("[D]eliberate indifference describes a state of mind more blameworthy than negligence."); *Gobert v. Caldwell,* 463 F.3d 339, 346 (5th Cir. 2006)(finding that failed treatments, negligence, and medical malpractice are insufficient to give rise to a claim of deliberate indifference); *Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999)(stating that a prison physician's negligence or malpractice cases do not typically rise to the level of cruel and unusual punishment within the meaning of the Eighth Amendment); *Varnado v. Lynaugh,* 920 F.2d 320, 321 (5th Cir. 1991) (stating that acts of negligence or medical malpractice are insufficient to establish a constitutional violation). "It is *only* such [deliberate] indifference that can violate the Eight Amendment; allegations of inadvertent failure to provide adequate medical care, or of a negligent diagnosis, simply fail to establish the requisite culpable state of mind." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991) (internal quotation marks, brackets, ellipses, and citations omitted).

As noted, Murrell contends that prison officials delayed providing him his monthly Cyanocobalamin injections. Murrell has not shown that such delay in receiving his Cyanocobalamin injections constituted deliberate indifference. Murrell has not alleged facts demonstrating the

11

defendants were aware of, and disregarded, a substantial risk of harm to Murrell. Murrell alleges that his medical condition has worsened to include the permanent spread of nerve damage and pain, mobility problems when standing or walking, burning, tingling and pain in limbs, shortness of breath, weakness, reduction in the number of red blood cells, tissue damage, as well as mental and emotional anguish due to lack of prescribed medications.

A delay in treatment may violate the Eighth Amendment if the delay was the result of the prison official's deliberate indifference and substantial harm—including suffering—occurred during the delay. *Easter v. Powell,* 467 F.3d 459, 464–65 (5th Cir. 2006). A four-hour delay in treatment has been considered a sufficient claim of deliberate indifference. *Easter v. Powell,* 467 F.3d 459, 461–65 (5th Cir. 2006). In *Easter,* the Fifth Circuit held that the plaintiff stated a claim of deliberate indifference where he alleged that the prison nurse refused to treat him even though she knew he was experiencing severe chest pain, he had a diagnosed heart condition, and he lacked access to the medication prescribed to treat it. *Id.* at 463–65. Similarly, the Fifth Circuit has found an inmate's claim of deliberate indifference sufficient where he alleged that after an ineffective jaw surgery, he repeatedly complained of intense pain and made multiple urgent requests for medical treatment that were ignored. *Harris v. Hegmann,* 198 F.3d 153, 159–60 (5th Cir. 1999).

In *Alderson v. Concordia Parish Corr. Facility,* 848 F.3d 415 (5th Cir. 2017), the Fifth Circuit reasoned:

> The district court determined that Alderson failed to allege facts supporting an inference of deliberate indifference by any of the defendants. Alderson alleges that Bryant delayed his medical treatment in two ways. First, Alderson alleges that Bryant delayed his medical treatment by placing him in lockdown upon learning of his condition, waiting until numerous complaints had been made by Alderson and his family before taking further action, and then leaving

12

Alderson for another hour before taking him to the hospital. This is an allegation that Bryant's initial response to Alderson's medical needs was to refuse treatment and ignore his complaints, which constitutes deliberate indifference. Second, Alderson alleges that Bryant further delayed his treatment when he responded to Alderson's request for his prescription medications by telling him to "[m]an up," ignoring Alderson's complaints and evincing wanton disregard for his serious medical needs. These allegations, if true, could support an inference of deliberate indifference on the part of Bryant.

In determining that Alderson had not alleged deliberate indifference, the district court noted, "[Alderson] was informed that he would not be able to get the prescription immediately because of the Christmas Holiday, not because of wanton, reckless, or causeless actions by the defendants." However, the district court did not cite any authority, nor have we found any authority, suggesting that the occurrence of the Christmas holiday obviates the obligation of correctional facilities' employees to provide prescription medication for over a week when they have knowledge that the medication needs to be administered as prescribed.

The district court concluded that, even if Alderson alleged deliberate indifference, he failed to allege facts supporting an inference that he suffered substantial harm because he did not allege "a life-long handicap or permanent loss." However, Fifth Circuit precedent does not limit substantial harm to lifelong handicap or permanent loss. Rather, our precedent allows recovery for pain suffered during a delay in treatment caused by deliberate indifference. *Id.* Alderson has alleged that he suffered a "tremendous amount of pain" during the delay in obtaining pain medications and risked a greater likelihood of infection during the delay in obtaining antibiotics. As discussed above, Alderson has alleged that Bryant was deliberately indifferent in failing to make an effort to help him obtain the medications he needed because of his bruised or broken ribs and risk of infection. These allegations are sufficient to allege that Bryant's deliberate indifference in delaying medical treatment caused Alderson to suffer substantial harm.

*Alderson,* 848 F.3d at 422-23 (citations omitted).

Unlike Alderson, Murrell has not shown that the delay in providing his Cyanocobalamin injections was the result of the prison officials' deliberate indifference. Murrell cannot show that the defendants' deliberate indifference in delaying his Cyanocobalamin injections caused Murrell

13

to suffer substantial harm. Thus, Murrell's claim based on deliberate indifference to his serious medical needs is DISMISSED as frivolous. 28 U.S.C. § 1915A.

## IV.    The Claim Based on an Inadequate Grievance System

Murrell alleges that the defendants violated his civil rights by failing to resolve the complaints presented in his grievances. "A prisoner has a liberty interest only in freedoms from restraint imposing atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005) (internal citation and quotation omitted). An inmate does not have a constitutionally protected liberty interest in having grievances resolved to his satisfaction. There is no due process violation when prison officials fail to do so. *Geiger v. Jowers*, 404 F.3d 371, 373-74 (5th Cir. 2005); *see also Edmond v. Martin, et al.,* slip op. no. 95-60666 (5th Cir., Oct. 2, 1996) (unpublished) (prisoner's claim that a defendant "failed to investigate and denied his grievance" raises no constitutional issue); *Thomas v. Lensing, et al.,* slip op. no. 01-30658 (5th Cir., Dec. 11, 2001) (unpublished) (same). The defendants' alleged failure to address the grievances to Murrell's satisfaction did not violate his constitutional rights. The excerpts from the grievance responses submitted by Murrell show that prison officials investigated Murrell's complaints and provided timely responses.

Murrell's due process claim based on an inadequate grievance procedure lacks merit.

## V.    Conclusion

The action filed by Getzell Johnson Murrell (TDCJ-CID Inmate #1954144) lacks an arguable basis in law. His claims are dismissed with prejudice under 28 U.S.C. § 1915A. Any remaining pending motions are denied as moot.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail

to:

(1)    the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin,

Texas 78711, Fax: 512-936-2159; and

(2)    the Manager of the Three-Strikes List for the Southern District of Texas at:

Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on _____ JUN 0 3 2019 _____.

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE